

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00180-CR

DERRICK WAYNE GAMBLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 426th District Court
Bell County, Texas
Trial Court No. 76138

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Derrick Wayne Gamble was convicted by jury of possession of a controlled substance in a correctional facility, a third-degree felony,[1] with the punishment trial before the trial court. After Gamble pled true to the State's enhancement allegations, the trial court sentenced him to twenty years' imprisonment.[2] Gamble appeals.

Gamble's appellate attorney filed a brief setting out the procedural history of the case, summarizing the evidence elicited during the trial court proceedings, and stating that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no plausible appellate issues to be advanced. *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal and informed Gamble of his right to review the record and file a pro se response. By letter dated January 9, 2019, this Court advised Gamble that his pro se response, if any, was due on or before February 8, 2019. By letter dated February 11, 2019, this Court advised Gamble that this case had been set for submission on March 4, 2019. Gamble did not file a pro se response and did not request an extension of time in which to file such a response.

---

[1]TEX. PENAL CODE ANN. § 38.11(g) (West Supp. 2018).

[2]Originally appealed to the Third Court of Appeals in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find that no genuinely arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[3]

Ralph K. Burgess
Justice

Date Submitted:     March 4, 2019
Date Decided:       March 27, 2019

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.